IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY LADEHOFF and<br>THE VILLAGE OF LOMBARD, an Illinois<br>Municipal Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN CARTER,<br><br>Defendant. | ) FILED<br>) APRIL 11, 2008                   YM<br>) 08CV2077<br>) JUDGE LEFKOW<br>) Case No:<br>) MAGISTRATE JUDGE BROWN<br>) Plaintiffs Demand<br>) Trial By Jury<br>)<br>) |

## COMPLAINT

Plaintiffs, Kimberly Ladehoff, by and through her attorneys Arnstein & Lehr LLP, and the Village of Lombard, an Illinois Municipal Corporation, by and through its attorneys, Klein, Thorpe and Jenkins, Ltd., for their cause of action against defendant, Glenn Carter, allege as follows:

## PARTIES

1. Plaintiff, Kimberly Ladehoff ("Ladehoff") is an individual and resident of the state of Illinois, and is the title owner of real property commonly known as 142 East St. Charles Road, Lombard, Illinois (the "Site").

2. The Village of Lombard is an Illinois Municipal Corporation, located in Lombard, Illinois (the "Village"), whose major operations include the administration of police and fire safety, highway and street maintenance and reconstruction, forestry, building code enforcement, public improvements, economic development, planning and zoning, waterworks and sewerage services, parking system services, general administrative services, and the protection of the general health of its residents and visitors.

3.  Defendant, Glenn Carter ("Carter"), on information and belief is a resident of Florida, and is the title owner of commercial real property located in Lombard, Illinois, commonly known as 144 East St. Charles Road, Lombard, Illinois (the "Contaminating Property").

## JURISDICTION
### (Federal Question)

4.  This court has subject matter jurisdiction over this action pursuant to 28 USC §1331, in that a dispute has arisen between the respective parties involving the contamination of the Site and the Village by defendant's Contaminating Property, and plaintiffs seek to compel defendant to remove the contaminating materials from the site and the Village pursuant to 42 U.S.C. § 6972 of the Resource Conservation and Recovery Act ("RCRA").

5.  On March 17, 2006, Ladehoff served a ninety-day Notice of RCRA Violation and Notice of Intent to Sue upon Carter, by certified mail return receipt requested. A copy of the Notice of RCRA Violation and Notice of Intent to Sue is attached hereto as Exhibit A. A copy of the Notice of RCRA Violation and Notice of Intent to Sue was also served via certified mail, return receipt requested, on: Mr. Steven L. Johnson, administrator for the United States Environmental Protection Agency; Mr. Thomas V. Skinner, acting regional administrator for the United States Environmental Protection Agency – Region V; and Mr. Douglas P. Scott, Director, director of the Illinois Environmental Protection Agency. See Exhibit A.

5.  On April 21, 2006, the Village served a ninety-day Notice of RCRA Violation and Notice of Intent to Sue upon Carter, by certified mail return receipt requested. A copy of the Notice of RCRA Violation and Notice of Intent to Sue is

2

attached hereto as Exhibit B. A copy of the Notice of RCRA Violation and Notice of Intent to Sue was also served via certified mail, return receipt requested, on: Mr. Steven L. Johnson, administrator for the United States Environmental Protection Agency; Mr. Thomas V. Skinner, acting regional administrator for the United States Environmental Protection Agency – Region V; and Mr. Douglas P. Scott, Director, director of the Illinois Environmental Protection Agency. See Exhibit B.

## VENUE

6. Venue is proper in the Northern District of Illinois because plaintiff Ladehoff resides in the Northern District of Illinois; the Village is located in the Northern District of Illinois, the Site and the Contaminating Property are both located in the Northern District of Illinois; and all of the acts complained of in this action occurred in the Northern District of Illinois.

## COUNT I – VIOLATION OF RCRA
### (Ladehoff and the Village v. Carter)

7. Carter previously leased the Contaminating Property to a business that operated a dry cleaning facility.

8. The dry cleaning business at the Contaminating Property employed chlorinated hydrocarbons in its operations. The foregoing chlorinated hydrocarbon chemical compounds include dichloroethene, tetrachloroethene, and trichloroethene (collectively "the Contaminants Of Concern")

9. Carter by his agents, employees, contractors, franchisees, or lessees have used, stored and disposed of various chemical compounds, including the Contaminants of Concern at the Contaminating Property.

10. Carter by his agents, employees, contractors, franchisees, or lessees has leaked contaminants into the environment, including the Contaminants of Concern which are hazardous waste and; and the Contaminants of Concern have migrated onto Ladehoff's Site, as well as the Village's public walkways and streets.

11. The leakage and or disposal of the Contaminants of Concern constitute the improper past and current handling, storage, treatment, transportation and disposal of solid and hazardous waste by Carter.

12. Carter's past and present handling, storage, treatment, transportation and disposal of the Contaminants of Concern has created an imminent and substantial endangerment to human health and the environment at the Site and the Village.

13. The continued presence of improperly disposed solid and hazardous waste containing the Contaminants of Concern at the Site and the Village's public walkways and streets constitutes a continuing violation by Carter of RCRA, 42 U.S.C. 6972, and the Illinois State regulations and standards promulgated thereunder, including but not limited to 35 IAC 724.211 and 35 IAC 724.214.

14. As a result, Carter is liable pursuant to 42 U.S.C. § 6972, and must take all actions necessary to remove and abate all Contaminants of Concern from the Site and the Village's public walkways and streets.

WHEREFORE, Kimberly Ladehoff and the Village of Lombard request the following relief:

A. A declaration that Glenn Carter be held liable under the Resource Conservation and Recovery Act for the improper handling, storage and disposal of the Contaminants of Concern, and for contributing to the past or present handling, storage,

treatment, transportation or disposal of solid and hazardous waste that is presenting an imminent and substantial endangerment at the Site and the Village of Lombard;

B.  An order enjoining Glenn Carter from the continued failure to comply with the laws of the State of Illinois and the United States at the Site and the Village of Lombard;

C.  An order mandating that Glenn Carter undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Site and the Village of Lombard;

D.  An order mandating that Glenn Carter make restitution to Kimberly Ladehoff and the Village of Lombard for all of the costs incurred by plaintiffs associated with the remediation of the Site and the Village of Lombard, commencing from the time Kimberly Ladehoff prepared the March 17, 2006 RCRA Violation and Notice of Intent to Sue to Carter and the Village prepared the April 21, 2006 RCRA Violation and Notice of Intent to Sue to Carter, with interest, as provided by law;

E.  An order assessing a civil fine and penalty on Glenn Carter of $25,000 for each RCRA violation;

F.  An order awarding to Kimberly Ladehoff and the Village of Lombard their costs of litigation, including reasonable attorney's and expert witness fees, and

G.  An order for any other and further relief as may be appropriate.

## COUNT II – TRESPASS
### (Ladehoff v. Carter)

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if set forth in full for paragraph 15.

16. When Carter, by his agents, employees, contractors, franchisees, or lessees, leaked the Contaminants of Concern that migrated onto the Site, Carter trespassed upon the Site and invaded Ladehoff's exclusive possession of the Site, and the physical condition of the Site.

17. Carter's trespass onto the Site constitutes a wrongful interference with Ladehoff's possessory rights in the Site.

18. Ladehoff has been damaged by Carter's trespass in that the Contaminants of Concern present an imminent and substantial endangerment to human health and the environment at the Site, and the trespass has interfered with Ladehoff's peaceful use and enjoyment of the Site.

WHEREFORE, Kimberly Ladehoff requests the following relief:

A. An order enjoining Glenn Carter from continued failure to comply with the laws of the State of Illinois and the United States at the Site;

B. An order mandating that Glenn Carter undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Site;

C. An order mandating that Glenn Carter make restitution and pay all damages and reimburse all costs and clean up costs to Kimberly Ladehoff for all of the costs incurred by Kimberly Ladehoff associated with the remediation of the Site, commencing from the time Kimberly Ladehoff prepared the March 17, 2006 RCRA Violation and Notice of Intent to Sue to, with interest, as provided by law; and

D. An order for any other and further relief as may be appropriate.

## COUNT III – TRESPASS
### (The Village v. Carter)

19. Plaintiff incorporates by reference paragraphs 1 through 14 as if set forth in full for paragraph 19.

20. When Carter, by his agents, employees, contractors, franchisees, or lessees, leaked the Contaminants of Concern that migrated into the public walkways streets of the Village, Carter trespassed upon the Village and invaded the Village's possessory rights in its public streets and walkways.

21. Carter's trespass onto the Village constitutes a wrongful interference with Village's possessory property rights.

22. The Village has been damaged by Carter's trespass in that the Contaminants of Concern present an imminent and substantial endangerment to human health and the environment in the Village, and the trespass has interfered with the Village's peaceful use and enjoyment of the Village.

WHEREFORE, the Village of Lombard requests the following relief:

A. An order enjoining Glenn Carter from continued failure to comply with the laws of the State of Illinois and the United States in the Village of Lombard;

B. An order mandating that Glenn Carter undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Village of Lombard;

C. An order mandating that Glenn Carter make restitution and pay all damages and reimburse all costs and clean up costs to the Village of Lombard for all of the costs incurred by the Village of Lombard associated with the remediation of the

Village, commencing from the time the Village prepared the April 21, 2006 RCRA Violation and Notice of Intent to Sue to, with interest, as provided by law; and

D.   An order for any other and further relief as may be appropriate.

### COUNT IV – NUISANCE
### (Ladehoff v. Carter)

23.   Plaintiff incorporates by reference paragraphs 1 through 14 as if set forth in full for paragraph 23.

24.   Carter holds, owns, and controls the Contaminating Property.

25.   When Carter, by his agents, employees, contractors, franchisees, or lessees leaked the Contaminants of Concern that migrated onto the Site, Carter interfered with Ladehoff's use and enjoyment of the Site.

26.   Because Carter exercised control over the Contaminating Property and the contaminants of concern, Carter proximately caused the nuisance and damaged the Site by the causing an imminent and substantial endangerment to human health and the environment at the Site.

WHEREFORE, Kimberly Ladehoff requests the following relief:

A.   An order enjoining Glenn Carter, from continued failure to comply with the laws of the State of Illinois and the United States at the Site;

B.   An order mandating that Glenn Carter undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Site;

C.   An order mandating that Glenn Carter make restitution, pay all damages and reimburse all cleanup costs to Kimberly Ladehoff for all of the costs incurred by

8

Kimberly Ladehoff associated with the remediation of the Site, commencing from the time Kimberly Ladehoff prepared the March 17, 2006 RCRA Violation and Notice of Intent to Sue to, with interest, as provided by law;

D.    An order for any other and further relief as may be appropriate.

### COUNT V – PUBLIC NUISANCE
(The Village v. Carter)

27.    Plaintiff incorporates by reference paragraphs 1 through 14 as if set forth in full for paragraph 27.

28.    Carter holds, owns, and controls the Contaminating Property.

29.    When Carter, by his agents, employees, contractors, franchisees, or lessees leaked the Contaminants of Concern that migrated onto the Village's public walkways and streets, Carter interfered with the Village's use and enjoyment of the Village.

30.    Because Carter exercised control over the Contaminating Property, and the Contaminants of Concern, Carter proximately caused the nuisance and damaged the Village by the causing an imminent and substantial endangerment to human health and the environment at the Village.

WHEREFORE, the Village of Lombard requests the following relief:

A.    An order enjoining Glenn Carter, from continued failure to comply with the laws of the State of Illinois and the United States at the Village of Lombard;

B.   An order mandating that Glenn Carter undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Village of Lombard;

C.   An order mandating that Glenn Carter make restitution, pay all damages and reimburse all cleanup costs to the Village of Lombard for all of the costs incurred by the Village of Lombard associated with the remediation of the Site, commencing from the time the Village of Lombard prepared the April 21, 2006 RCRA Violation and Notice of Intent to Sue to, with interest, as provided by law;

D.   An order for any other and further relief as may be appropriate.

### COUNT VI – NEGLIGENCE
(Ladehoff v. Carter)

31.   Plaintiff incorporates by reference paragraphs 1 through 14 as if set forth in full for paragraph 31.

32.   Carter possesses a duty to refrain from contaminating the environment and a duty to refrain from allowing the contaminants of concern to migrate onto and through the Site.

33.   Carter breached his duty by failing to properly operate and maintain the Contaminating Property, which has resulted in the leakage of the Contaminants of Concern into the environment; and has also resulted in the Contaminants of Concern migrating onto the Site.

34.   Carter actually and proximately caused damage to Ladehoff's property when the Contaminants of Concern migrated onto the Site, thus causing damage to Ladehoff at the Site.

10

35. Ladehoff has been damaged as a result of the Carter's negligence.

WHEREFORE, Kimberly Ladehoff requests that judgment be entered in her favor on Count IV for all damages sustained, and for any other relief deemed appropriate by this Court.

### COUNT VII – NEGLIGENCE
(The Village v. Carter)

36. Plaintiff incorporates by reference paragraphs 1 through 14 as if set forth in full for paragraph 36.

37. Carter possesses a duty to refrain from contaminating the environment and a duty to refrain from allowing the Contaminants of Concern to migrate onto and through the Site and the Village's public walkways and streets.

38. Carter breached his duty by failing to properly operate and maintain the Contaminating Property, which has resulted in the leakage of the Contaminants of Concern into the environment; and has also resulted in the Contaminants of Concern migrating onto the Village's public walkways and streets.

39. Carter actually and proximately caused damage to the Village when the Contaminants of Concern migrated onto the Village's public walkways and streets, thus causing damage to the Village.

40. The Village has been damaged as a result of the Carter's negligence.

WHEREFORE, the Village of Lombard requests that judgment be entered in its favor on Count IV for all damages sustained, and for any other relief deemed appropriate by this Court.

| KIMBERLY LADEHOFF | THE VILLAGE OF LOMBARD |
|---|---|
| By: _/s/ William Anaya_ | By: _/s/_ |
| One of her Attorneys | One of its attorneys |

William J. Anaya
John L. Ropiequet
Daniel I. Schlade
ARNSTEIN & LEHR LLP, Suite 1200
120 South Riverside Plaza
Chicago, Illinois 60606
PHONE: 312-876-7100

Dennis G. Walsh
Lance C. Malina
Kathleen T. Henn
KLEIN, THORPE AND JENKINS, LTD.
20 N. WACKER DR., STE. 1660
CHICAGO, ILLINOIS 60606
312-984-6400

211170_1.DOC