March 17, 2006

<u>**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**</u>

To:  Glen Carter                    Glen Carter
     Purple Martin Court            215 East Lincoln Avenue
     Bradenton, Florida 34202       Wildwood, New Jersey 08260

### NOTICE OF RCRA VIOLATION AND NOTICE OF INTENT TO SUE

Pursuant to and in accordance with 42 U.S.C. §6972(a) and (b) of the Resource Conservation and Recovery Act (RCRA), Kimberly Ladehoff ("Ladehoff") hereby provides Glen Carter ("Carter"), notice of violation and notice of endangerment to real property, (including its subsurface), owned by Ladehoff, located at and commonly known as 142 East St. Charles Road, Lombard, Illinois (the "Site"), through the release of contaminants, more thoroughly described below, on the property commonly known as 144 East St. Charles Road, Lombard, Illinois (the "Contaminating Property"), owned by Glenn Carter, which have migrated onto the Site.

Carter, by his agents, employees, contractors, franchisees, or lessees has at all relevant times owned the Contaminating Property, which Carter previously leased to a commercial business, a dry cleaners, which employed chlorinated hydrocarbons in its dry cleaning business. Carter, by his agents, employees, contractors, franchisees, or lessees have used stored and disposed of various chemical compounds. The foregoing chlorinated hydrocarbon chemical compounds, which include dichloroethene, tetrachloroethene, and trichloroethene (collectively "the contaminants of concern"), are currently present at the Site, as a result of the migration of the contaminants of concern from the Contaminating Property. The concentration of the contaminants of concern at the Site are above the most stringent Tier 1 Soil Remediation


EXHIBIT A

Objectives for residential properties. The contaminants of concern present an imminent and substantial endangerment to human health and the environment in violation of state and federal law and are creating liability under state and federal law. The contaminants of concern are hazardous substances within the meaning of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA) and the Illinois Environmental Protection Act; and the contaminants of concern are hazardous wastes within the meaning of the Resource Conservation and Recovery Act (RCRA), 42 USC §6901 *et seq.*

Both the Site and the Contaminating Property have historically been used for commercial purposes. Carter, by his agents, employees, contractors, franchisees or lessees improperly handled, stored and disposed of the solid and hazardous wastes and hazardous substances described above, allowing these wastes to be released, spilled, emitted, and discharged into the environment at the Contaminating Property, which subsequently migrated to the Site, and which solid and hazardous waste and hazardous substances continue to release, emit and discharge into the environment at the Site. Carter is required to properly and lawfully remove the contaminants of concern under state and federal law.

The Site and the hazardous substances and solid and hazardous wastes found thereon are subject to the requirements of the laws of the United States, and pursuant to 42 U.S.C. 6926 and 415 ILCS 5/20 *et seq.*, the laws of the State of Illinois. Carter, by his agents, employees, contractors, franchisees, or lessees through their respective acts and omissions are in violation of the Illinois Environmental Protection Act (the Act), 415 ILCS 5/21(e), for improperly and unlawfully disposing, treating, storing and abandoning and for failing to properly remove and close the Site and remove the contaminants of concern as waste at the Site, which Site is a

facility that does not meet the Act's requirements, regulations and standards for proper disposal, treatment, storage and abandonment of solid or hazardous waste.

Carter, by his agents, employees, contractors, franchisees, or lessees are violating the Act, 415 ILCS 5/21(f)(2), for conducting hazardous waste storage, hazardous waste treatment and hazardous waste disposal operations associated with the contaminants of concern at the Contaminating Property in violation of the requirements provided in the regulations and in the standards adopted by the Illinois Pollution Control Board.

Specifically, Title 35 Illinois Administrative Code Part 722 (IAC) (adopted pursuant to 42 U.S.C. 6922 and 40 C.F.R. 262) at Subpart B (Manifests) requires Generators to manifest hazardous waste, and Subpart C (Pre-Transport Requirements) limits the time Generators may accumulate hazardous waste on-Site, as well as requiring hazardous waste to be packaged, labeled, marked and placarded, none of which Carter, or his agents, employees, contractors, franchisees, or lessees accomplished for the waste that has been released, spilled, emitted and discharged into the environment at the Site or the Contaminating Property, and which hazardous waste and hazardous substance remains at the Site, and is currently being released, emitted and discharged into the environment at the Site.

Carter, by his agents, employees, contractors, franchisees, lessees are in violation of 35 IAC 724 (adopted pursuant to 42 U.S.C. 6924 and 40 C.F.R. 264), including but not limited to Subpart F (Releases From Solid Waste Management Units); Subpart G (Closure and Post-Closure) and Subpart H (Financial Requirements). For example, pursuant to 35 IAC 724.211, each Operator shall close the facility in a manner that:

> (b) Controls, minimizes or eliminates, to the extent necessary to protect human health and the environment, post-closure escape of hazardous waste, hazardous constituents, leachate, contaminated

> run-off, or hazardous waste decomposition products to the ground or surface waters or to the atmosphere; and
>
> (c) Complies with the closure requirements of this Part.... .

Further, 35 IAC 724.214 provides: "[d]uring the partial and final closure periods, all contaminated equipment, structures and soils must be properly disposed of or decontaminated...." Carter, his agents, employees, contractors, franchisees or lessees have failed to comply with 35 IAC 724.211 by failing to close the facility in a manner that controlled, minimized or eliminated solid and hazardous wastes (including the contaminants of concern) from escaping into the groundwater or soil at the Site. Carter, or his agents, employees, contractors, franchisees or lessees have also violated 35 IAC 724.214 by failing to properly dispose of contaminated soil containing the contaminants of concern at the Site.

The continued presence of improperly disposed solid and hazardous waste and hazardous substance containing the contaminants of concern at the Site constitutes a continuing violation by Carter of RCRA, CERCLA, the State regulations and standards promulgated thereunder and described above, and the common law of Illinois, including but not limited to the commission of the torts of trespass, negligence, and nuisance.

By reason of such acts and omissions, Carter, his agents, employees, contractors, franchisees or lessees have contributed to, and are presently contributing to, the handling, storage, treatment and disposal of hazardous wastes and hazardous substances at the Site, which activities and contamination may present an imminent and substantial endangerment to health and the environment. The contaminants of concern are the wastes handled by Carter, his agents, employees, contractors, franchisees or lessees, which have caused and which continues to cause environmental contamination at the Site. So long as the Site remains contaminated by such

wastes, Carter is independently required to take action necessary to restore the environment and to minimize the harmful effects of the contaminants of concern at the Site.

This notice of violation and endangerment is provided by Ladehoff, who may be contacted through her attorneys designated below. Ladehoff has authorized her attorneys to file claims in the United States District Court in the Northern District of Illinois against Carter under RCRA, joining all other claims Ladehoff has against Carter, his agents, employees, contractors, franchisees or lessees at any time ninety (90) days after providing Carter with this RCRA Notice. Ladehoff will seek from the court the following relief:

    A.    A declaration that Carter individually, or with its agents, employees, contractors, franchisees, or lessees are jointly and severally liable under the Resource Conservation and Recovery Act for the improper handling, storage and disposal of the contaminants of concern, and for contributing to the past or present handling, storage, treatment, transportation or disposal of solid and hazardous waste and hazardous substances that are presenting an imminent and substantial endangerment at the Site;

    B.    An order enjoining Carter, from the continued failure to comply with the laws of the State of Illinois and the United States at the Site;

    C.    An order mandating that Carter, undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Site;

    D.    An order mandating that Carter, make restitution to Ladehoff for all of the costs incurred by Ladehoff associated with the remediation of the Site, commencing from the time Ladehoff prepared this notice to Carter, with interest, as provided by law;

E.  An order assessing a civil fine and penalty against Carter of $25,000 for each RCRA violation;

F.  An order awarding to Ladehoff her costs of litigation, including reasonable attorney and expert witness fees, and

G.  An order for any other and further relief as may be appropriate.

Carter may initiate his responses to this RCRA Notice prior to the filing of claims against Carter by contacting Ladehoff's attorneys at the address and telephone numbers indicated below.

March 17, 2006

KIMBERLY LADEHOFF

By: _____
One of its Attorneys

William J. Anaya
Daniel I. Schlade
ARNSTEIN & LEHR LLP
Suite 1200
120 South Riverside Plaza
Chicago, Illinois 60606
PHONE: 312-846-7100
FACSIMILE: 312-876-7309

cc via Certified Mail, Return Receipt Requested :

    Mr. Steven L. Johnson, Administrator
    United States Environmental Protection Agency
    Ariel Rios Building
    1200 Pennsylvania Avenue, N.W.
    Washington, D.C. 20460

    Mr. Thomas V. Skinner, Acting Regional Administrator
    U.S. EPA - Region V
    77 West Jackson Boulevard
    Chicago, Illinois 60604-3507

    Mr. Douglas P. Scott, Director
    Illinois Environmental Protection Agency
    1021 North Grand Avenue East
    P.O. Box 19276
    Springfield, Illinois 62794-9276

    Mr. Stephen Johnson, Administrator
    U.S. Environmental Protection Agency
    401 M Street, SW (A-100)
    Washington, D.C. 20460

## LAW OFFICES

### KLEIN, THORPE AND JENKINS, LTD.

JOSHUA S. ABERN
RINDA Y. ALLISON
TERRENCE M. BARNICLE
JAMES P. BARTLEY
THOMAS P. BAYER
GERARD E. DEMPSEY
MICHAEL J. DUGGAN
JAMES V. FEROLO
E. KENNETH FRIKER
BRIAN M. FUNK
CYNTHIA S. GRANDFIELD
KATHLEEN T. HENN
EVERETTE M. HILL, JR.
MICHAEL T. JURUSIK
JACOB H. KARACA

SUITE 1660
20 NORTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-2903

TELEPHONE (312) 984-6400
FACSIMILE (312) 984-6444

ORLAND PARK OFFICE
15010 S. RAVINIA AVENUE
SUITE 17
ORLAND PARK, ILLINOIS 60462
TELEPHONE (708) 349-3888
FACSIMILE (708) 349-1506

PATRICK A. LUCANSKY
LANCE C. MALINA
MICHAEL A. MARRS
THOMAS M. MELODY
JANET N. PETSCHE
DONALD E. RENNER III
SCOTT F. UHLER
GEORGE A. WAGNER
JOHN A. WALL
DENNIS G. WALSH
JAMES G. WARGO
BRUCE A. ZOLNA

OF COUNSEL
JAMES A. RHODES
RICHARD T. WIMMER

*WRITER'S DIRECT DIAL*
(312) 984-6408

*WRITER'S E-MAIL*
dgwalsh@ktjnet.com

April 21, 2006

**Via Certified Mail,**
**Return Receipt Requested**
Glen Carter
Purple Martin Court
Bradenton, Florida 34202

**Via Certified Mail,**
**Return Receipt Requested**
Glen Carter
215 East Lincoln Avenue
Wildwood, New Jersey 08260

Re: Notice of Intent to File Suit Pursuant to Section 7002(a)(1) and Notice of Endangerment Pursuant to Section 7002(b)(2)(a) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6972(b) and 40 CFR 254

Dear Mr. Carter:

I represent the Village of Lombard, DuPage County, Illinois (the "Village"). This letter is to notify you that the Village plans to file one or more actions pursuant to Section 7002(a)(1) of the Resource Conservation and Recovery Act ("RCRA"), among other claims against Glen Carter ("Carter") arising from releases of hazardous substances including but not limited to TCE, PCE, Cis-1,2-Dichloroethene and Vinyl Chloride from a property owned by Carter and commonly known as 144 East St. Charles Road, Lombard, Illinois (the "Contaminated Property") and the migration of such contaminants to the surrounding environment. The Village owns property adjacent to or in the area surrounding the Contaminated Property.

As such, and pursuant to and in accordance with 42 U.S.C. §6972(a) and (b) of the Resource Conservation and Recovery Act (RCRA), the Village hereby provides Carter notice of violation and notice of endangerment to real property, (including its subsurface), owned by the Village, located adjacent to or in the area surrounding the Contaminated Property (the "Village Property"), through the release of contaminants, more thoroughly described below, on the property commonly known as 144 East St. Charles Road, Lombard, Illinois, owned by Glenn Carter, which have migrated onto the Village Property.

EXHIBIT B

Glen Carter
April 21, 2006
Page 2

    Carter, by his agents, employees, contractors, franchisees, or lessees has at all relevant times owned the Contaminating Property, which Carter previously leased to a commercial business, a dry cleaners, which employed chlorinated hydrocarbons in its dry cleaning business. Carter, by his agents, employees, contractors, franchisees, or lessees have used stored and disposed of various chemical compounds. The foregoing chlorinated hydrocarbon chemical compounds, which include dichloroethene, tetrachloroethene, trichloroethene, and Vinyl Chloride (collectively "the contaminants of concern"), are currently present on the Village Property, as a result of the migration of the contaminants of concern from the Contaminating Property. The concentration of the contaminants of concern at the Village Property is above the most stringent Tier 1 Soil Remediation Objectives for residential properties. The contaminants of concern present an imminent and substantial endangerment to human health and the environment in violation of state and federal law and are creating liability under state and federal law. The contaminants of concern are hazardous substances within the meaning of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA) and the Illinois Environmental Protection Act; and the contaminants of concern are hazardous wastes within the meaning of the Resource Conservation and Recovery Act (RCRA), 42 USC §6901 *et seq*.

    The Contaminating Property has historically been used for commercial purposes. Carter, by his agents, employees, contractors, franchisees or lessees improperly handled, stored and disposed of the solid and hazardous wastes and hazardous substances described above, allowing these wastes to be released, spilled, emitted, and discharged into the environment at the Contaminating Property, which subsequently migrated to the Village Property, and which solid and hazardous waste and hazardous substances continue to release, emit and discharge into the environment at the Village Property. Carter is required to properly and lawfully remove the contaminants of concern under state and federal law.

    The Village Property and the hazardous substances and solid and hazardous wastes found thereon are subject to the requirements of the laws of the United States, and pursuant to 42 U.S.C. 6926 and 415 ILCS 5/20 *et seq.*, the laws of the State of Illinois. Carter, by his agents, employees, contractors, franchisees, or lessees through their respective acts and omissions are in violation of the Illinois Environmental Protection Act (the Act), 415 ILCS 5/21(e), for improperly and unlawfully disposing, treating, storing and abandoning and for failing to properly remove and close the Village Property and remove the contaminants of concern as waste at the Village Property, which Village Property is a facility that does not meet the Act's requirements, regulations and standards for proper disposal, treatment, storage and abandonment of solid or hazardous waste.

    Carter, by his agents, employees, contractors, franchisees, or lessees are violating the Act, 415 ILCS 5/21(f)(2), for conducting hazardous waste storage, hazardous waste treatment and hazardous waste disposal operations associated with the contaminants of concern at the Contaminating

iManage 172889 1

Glen Carter
April 21, 2006
Page 3

Property in violation of the requirements provided in the regulations and in the standards adopted by the Illinois Pollution Control Board.

Specifically, Title 35 Illinois Administrative Code Part 722 (IAC) (adopted pursuant to 42 U.S.C. 6922 and 40 C.F.R. 262) at Subpart B (Manifests) requires Generators to manifest hazardous waste, and Subpart C (Pre-Transport Requirements) limits the time Generators may accumulate hazardous waste on-site, as well as requiring hazardous waste to be packaged, labeled, marked and placarded, none of which Carter, or his agents, employees, contractors, franchisees, or lessees accomplished for the waste that has been released, spilled, emitted and discharged into the environment at the Village Property or the Contaminating Property, and which hazardous waste and hazardous substance remains at the Village Property, and is currently being released, emitted and discharged into the environment at the Village Property.

Carter, by his agents, employees, contractors, franchisees, or lessees are in violation of 35 IAC 724 (adopted pursuant to 42 U.S.C. 6924 and 40 C.F.R. 264), including but not limited to Subpart F (Releases From Solid Waste Management Units); Subpart G (Closure and Post-Closure) and Subpart H (Financial Requirements). For example, pursuant to 35 IAC 724.211, each Operator shall close the facility in a manner that:

> (b) Controls, minimizes or eliminates, to the extent necessary to protect human health and the environment, post-closure escape of hazardous waste, hazardous constituents, leachate, contaminated run-off, or hazardous waste decomposition products to the ground or surface waters or to the atmosphere; and
>
> (c) Complies with the closure requirements of this Part... .

Further, 35 IAC 724.214 provides: "[d]uring the partial and final closure periods, all contaminated equipment, structures and soils must be properly disposed of or decontaminated...." Carter, his agents, employees, contractors, franchisees or lessees have failed to comply with 35 IAC 724.211 by failing to close the facility in a manner that controlled, minimized or eliminated solid and hazardous wastes (including the contaminants of concern) from escaping into the groundwater or soil at the Village Property. Carter, or his agents, employees, contractors, franchisees or lessees have also violated 35 IAC 724.214 by failing to properly dispose of contaminated soil containing the contaminants of concern at the Village Property.

The continued presence of improperly disposed solid and hazardous waste and hazardous substance containing the contaminants of concern at the Village Property constitutes a continuing violation by Carter of RCRA, CERCLA, the State regulations and standards promulgated thereunder and described above, and the common law of Illinois, including but not limited to the commission of the torts of trespass, negligence, and nuisance.

iManage 172889 1

Glen Carter
April 21, 2006
Page 4

By reason of such acts and omissions, Carter, his agents, employees, contractors, franchisees or lessees have contributed to, and are presently contributing to, the handling, storage, treatment and disposal of hazardous wastes and hazardous substances at the Village Property, which activities and contamination may present an imminent and substantial endangerment to health and the environment. The contaminants of concern are the wastes handled by Carter, his agents, employees, contractors, franchisees or lessees, which have caused and which continue to cause environmental contamination at the Village Property. So long as the Village Property remains contaminated by such wastes, Carter is independently required to take action necessary to restore the environment and to minimize the harmful effects of the contaminants of concern at the Village Property.

This notice of violation and endangerment is provided by the Village, who may be contacted through its attorneys designated below. The Village has authorized its attorneys to file claims in the United States District Court in the Northern District of Illinois against Carter under RCRA, joining all other claims the Village has against Carter, his agents, employees, contractors, franchisees or lessees at any time ninety (90) days after providing Carter with this RCRA Notice. The Village will seek from the court the following relief:

A. A declaration that Carter individually, or with its agents, employees, contractors, franchisees, or lessees are jointly and severally liable under the Resource Conservation and Recovery Act for the improper handling, storage and disposal of the contaminants of concern, and for contributing to the past or present handling, storage, treatment, transportation or disposal of solid and hazardous waste and hazardous substances that are presenting an imminent and substantial endangerment at the Village Property;

B. An order enjoining Carter, from the continued failure to comply with the laws of the State of Illinois and the United States at the Village Property;

C. An order mandating that Carter, undertake and complete all response, abatement and corrective action required by law, including (without limitation) any actions required by the State of Illinois or the United States to abate the imminent and substantial endangerment at the Village Property;

D. An order mandating that Carter, make restitution to the Village for all of the costs incurred by the Village associated with the remediation of the Village Property, with interest, as provided by law;

E. An order assessing a civil fine and penalty against Carter of $25,000 for each RCRA violation;

iManage 172889 1

Glen Carter
April 21, 2006
Page 5

      F.    An order awarding to the Village its costs of litigation, including reasonable attorney and expert witness fees; and

      G.    An order for any other and further relief as may be appropriate.

In the event that the United States or the State of Illinois commences a civil or criminal action against the noticed party in a court of the United States or State of Illinois within ninety (90) days from receipt of copies of this Notice and such action seeks to restrain or abate acts or conditions contributing to the alleged endangerment, the Village will not commence suit, but intends to intervene in the governmental action as authorized by applicable law.

In order to speed the amicable resolution of this matter, the Village requests that Carter immediately produce any and all documents in his possession, custody or control concerning the above allegations.

Carter may initiate his responses to this RCRA Notice prior to the filing of claims against Carter by contacting the Village's attorneys at the address and telephone numbers indicated above. All further communications concerning this matter should be to the attention of the undersigned.

                            Very truly yours,

                            KLEIN, THORPE AND JENKINS, LTD.

                            Dennis G. Walsh

**cc via Certified Mail, Return Receipt Requested:**    cc: William T. Lichter,
                                                                              Village Manager

    Mr. Steven L. Johnson, Administrator           David Hulsberg, Director
    United States Environmental Protection Agency     of Community Development
    Ariel Rios Building                                           Thomas B. Bayer, Esq.
    1200 Pennsylvania Avenue, N.W.
    Washington, D.C. 20460

    Mr. Thomas V. Skinner, Acting Regional Administrator
    U.S. EPA - Region V
    77 West Jackson Boulevard
    Chicago, Illinois 60604-3507

iManage 172889 1

Glen Carter
April 21, 2006
Page 6

        Mr. Douglas P. Scott, Director
        Illinois Environmental Protection Agency
        1021 North Grand Avenue East
        P.O. Box 19276
        Springfield, Illinois 62794-9276

        Mr. Stephen Johnson, Administrator
        U.S. Environmental Protection Agency
        401 M Street, SW(A-100)
        Washington, D.C. 20460

iManage 172889 1

TOTAL P.07